IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LARRY ECHLIN and THELMA ECHLIN                                    PLAINTIFFS

v.                                  No. 5:06CV00150 JMM

LARRY MCGEE, Individually, and in his Official Capacity
as Sheriff of Lincoln County, Arkansas; CHARLIE COLE,
Individually, and in his Official Capacity as County Judge of
Lincoln County, Arkansas; Officer DAVID PARKER,
Individually, and in his Official Capacity as an employee of
Lincoln County Sheriff's Department; Sgt. LARRY SMITH,
Individually, and in his Official Capacity as employee of
Monticello Police Department; Chief TOMMY FREE,
Individually, and in his Official Capacity as employee of
Monticello Police Department; and DAVID ANDERSON,
Individually, and in his Official Capacity as Mayor of the
City of Monticello, Arkansas                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the August 3rd motion for summary judgment filed by Smith, Free, and Anderson which is supported by brief, exhibits, and a separate statement of undisputed facts. Plaintiffs have not responded to this motion.[1]

On June 19, 2006, plaintiffs filed suit, pursuant to 42 U.S.C. §1983 and pendent state law, arising out of the search of premises owned by them, their arrest, and their prosecution for keeping a gambling house before the charges were eventually dismissed. They seek compensatory and

---

[1] By status report filed on September 12th, Smith, Free, and Anderson advised that it had been discovered that plaintiffs had not been mailed copies of the motion and supporting documents on the day the motion was filed, but that copies of the documents were mailed to plaintiffs' counsel on September 12th.

-1-

punitive damages for alleged violations of their rights under the 4th and 14th Amendments and for the torts of false arrest, false imprisonment, invasion of privacy, outrage and malicious prosecution as well as a declaratory judgment and an injunction.

Plaintiffs allege in the complaint that the affidavit for the search warrant contained false and unreliable information which the defendants knew or should have known to be false and unreliable and did not identify the persons making or receiving cash payments from the video arcade machines and did not assert that plaintiffs were there or involved in any conduct related to the operation of the arcade. They state that they were out of state for approximately six weeks prior to returning on June 15, 2005, when they began to inspect their home and other properties and began making repairs and to clean up such properties which is why they were at 101 Reed Street when the police arrived. Plaintiffs allege that they were told they were under arrest, the officers searched the entire premises, and plaintiffs advised the arresting officers that they did not own or operate the video arcade business but only leased the premises. They contend that Smith and others caused the criminal charges to be filed when they knew or should have known that there was no factual or legal basis to arrest them and that no probable cause existed for their arrest and the search of their property. Plaintiffs also allege that Anderson was deliberately indifferent in failing to adequately train, supervise and discipline Free and in failing to take remedial measures to prevent acts of false arrest, false imprisonment and malicious prosecution of citizens having knowledge of such propensities by Free. They contend that Free, in turn, failed to do the same regarding Smith.

By order filed on July 27th, the Court granted a motion for summary judgment filed by the Lincoln County defendants finding there was probable cause for the search warrant and the arrests so those defendants were entitled to qualified immunity in their individual capacities and also in their

official capacities. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declined to exercise supplemental jurisdiction and dismissed the pendent state claims without prejudice.

Summary judgment can properly be entered when there are no genuine material facts that can be resolved by a finder of fact; that is, there are no facts which could reasonably be resolved in favor of either party. The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2512 (1986). The non-moving party may not just rest upon his or her pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986); Civil Procedure Rule 56.

In Counts v. MK-Ferguson Co., 862 F.2d 1338, 1339 (8th Cir. 1988) (citations omitted and brackets in original), the Eighth Circuit explained:

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., "[to] point[ ] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

"The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather the dispute must be outcome determinative under prevailing law." Holloway v. Pigman, 884 F.2d 365, 366 (8th Cir. 1989).

Local Rule 56.1 provides that a party moving for summary judgment must file a separate, short and concise statement of material facts as to which it contends there is no genuine issue to be tried. The rule further provides that unless the non-moving party files a separate, short and concise

statement of the material facts as to which it contends a genuine issue exists to be tried, all material facts set forth in the moving party's statement will be deemed admitted

As plaintiffs have failed to filed a controverting statement, the following facts are deemed admitted:

1. Plaintiffs, who are husband and wife, are suing these Separate Defendants for a search of their business in June 2005 and for their subsequent arrests.

2. This Court dismissed all federal claims against the other Separate Defendants and dismissed without prejudice all pendent state law claims.

3. During all times relevant to this Complaint, David Anderson was the Mayor of the City of Monticello, Tommy Free was the Chief of Police, and Larry Smith was a Sergeant for the Monticello Police Department.

4. None of these Separate Defendants actively participated in the investigation of the Plaintiffs' activities, and none of these Separate Defendants participated in the securing of any search warrants of the Plaintiffs' property.

5. None of these Defendants arrested the Plaintiffs, as evidenced by Larry Echlin's July 5, 2007 affidavit wherein he admitted he was arrested by police officers from the Lincoln County Sheriff's Office.

6. Larry Smith did not investigate whether the Plaintiffs were running a gambling house.

7. The investigation was performed by employees of the Lincoln County Sheriff's Department.

8. Larry Smith did not complete an affidavit for a search warrant.

9. The search warrant was completed and signed by David Parker.

10. Larry Smith had a limited role during the search of the plaintiffs' property. In fact, in the Plaintiff Larry Echlin's Affidavit, he admits that Sheriff Larry McGee and his deputies executed the search warrant.

11. Mayor Anderson and Chief Freeman did not participate in the search at all.

12. Larry Smith's supervisor, John Dement, has specialized training in identifying gaming devices, and Mr. Dement would routinely assist other agencies that were involved in gaming issues.

13. Larry Smith has assisted John Dement in the past in providing advice to other agencies regarding searches of gaming places. Usually, while the other agencies execute the search warrants, he and Larry Smith tell the officer what to photograph and what items are important to remove from the devices.

14. David Parker, from the Lincoln County Sheriff's Office, contacted John Dement and requested guidance as to what to remove from the machines at issue in this case.

15. Larry Smith did not seize anything from the Plaintiffs' property.

16. He was present at the location in question to give advice on what to photograph and what to seize.

17. Both John Dement and Larry Smith left whenever the sheriff's office started seizing the machines and were not present when the Plaintiffs were arrested.

The Monticello defendants argue that, as this Court ruled on July 27th that the plaintiffs' constitutional rights were not violated in the issuance of the search warrant, they are entitled to qualified immunity based on the same reasons as a matter of law especially since they played no role in obtaining the search warrant and only provided advice during the search itself. They continue that

as the Court also found that there was probable cause for the plaintiffs' arrest and the Lincoln County defendants did not violate the plaintiffs' constitutional rights in the arrest then they did not violate those rights either especially since these defendants were not the arresting entity and left the premises prior to the plaintiffs being arrested. Finally, the Monticello defendants argue that as there is no underlying substantive violation on the federal claims, the claims against them in their official capacities should be dismissed.

Based on the undisputed facts and the application of the governing law as set out in the July 27th opinion, the Court agrees with the Monticello defendants that they are entitled to summary judgment in their individual and official capacities as to the federal claims.

Accordingly, the August 3rd motion (#35) for summary judgment filed by Smith, Free, and Anderson is granted in part as to the federal claims against them in both their individual and official capacities. The remaining pendent state claims against Smith, Free, and Anderson are dismissed without prejudice.

IT IS SO ORDERED this 1st day of October, 2007.

_____
UNITED STATES DISTRICT JUDGE